IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 7:98-CR-53-1BO

| | |
|---|---|
| JAMES CARLIE LOCKLEAR, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Respondent. ) | O R D E R |
| ) | |
| ———————————————— ) | |

This matter is before the Court on Petitioner's Motion for Reconsideration of his Fine (DE # 65) and the Government's Motion to Dismiss. (DE # 67). Petitioner's Motion is DISMISSED and the Government's Motion is GRANTED.

## FACTS

On May 19, 1998, the Grand Jury issued a three-count indictment that charged Petitioner James Carlie Locklear in Count One with conspiring with others to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846. (D.E. #12). Count Two charged Petitioner with distribution of cocaine and aiding and abetting the same, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Id. Count Three charged Petitioner with criminal forfeiture, in violation of 21 U.S.C. § 853. Id. On July 20, 1998, Petitioner was arraigned and entered guilty pleas to Counts One and Three.

On September 28, 1998, the Honorable James C. Fox, Senior United States District Judge, then the presiding judge in the matter, sentenced Petitioner to 168 months' imprisonment,

five years of supervised release, a $19,800.00 fine, and a $100.00 special assessment. (D.E. #25). On April 4, 2001, Judge Fox issued an order reducing the fine to $8,000. (D.E. #31).

On August 17, 2007, Petitioner filed a 28 U.S.C. § 2255 motion to vacate his sentence. (D.E. #35). Petitioner's motion presented a number of grounds for relief, primarily alleging that an officer convicted in Operation Tarnish Badge had provided false information that the United States Probation Office had used to enhance Petitioner's sentence by including the information in the Presentence Investigation Report (PSR). Id. Specifically, the officer allegedly falsely reported that Petitioner had obstructed justice pursuant to USSG §3C1.2 while fleeing arrest in an automobile, and that during the course of the obstruction Petitioner caused a cut to the officer's hand. Id.

The Court denied the Government's motion to dismiss the § 2255 motion. (D.E. #54). Thereafter, the Government and Petitioner filed a joint request in which the parties informed the Court that they agreed that Government could not sustain its burden at an upcoming evidentiary hearing and that re-sentencing Petitioner without the two-level adjustment was warranted. (D.E. #56). Petitioner also filed a motion for downward departure, which included a request that the Court re-sentence Petitioner to time served, reduce his term of supervised release to three years, and remit the remainder of the fine. (D.E. #59).

On March 17, 2009, the Court held the re-sentencing hearing. (D.E. #61). At the conclusion of the hearing the Court resentenced Petitioner to time served and five years of supervised release. (D.E. #62). Importantly, the Court also ordered that all other terms, which include the $8,000.00 fine in the first amended judgment, remain in effect. Id. Petitioner did not appeal.

On March 23, 2009, the Court dismissed Petitioner's initial § 2255 motion as moot. (D.E. #64). On January 5, 2011, Petitioner filed the instant motion for reconsideration of his fine. (D.E. #66).

## DISCUSSION

The Defendant' Motion is dismissed as a successive 28 U.S.C. § 2255 Motion. The Court lacks jurisdiction to hear Petitioner's § 2255 because he has failed to secure permission from the Fourth Circuit Court of Appeals to file this petition.

The Fourth Circuit has held that courts must classify pro se pleadings from prisoners according to their contents, regardless of the label given in the caption. See United States v. Blackstock, 513 F.3d 128, 131 (4th Cir 2008). Additionally, second or successive § 2255 petitions are prohibited unless the petitioner has secured permission from the appropriate court of appeals to file the petition. See, e.g., United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003).

Petitioner motions for reconsideration of his fine. As this motion seeks post-conviction relief, it should be viewed as a petition under 28 U.S.C. § 2255. This is Petitioner's second § 2255 petition and he has not secured permission from the Fourth Circuit to re-file. Thus, the Court has no jurisdiction to hear his Motion.

## CONCLUSION

Petitioner's Motion is DISMISSED and the Government's Motion is GRANTED.

SO ORDERED, this 3 day of May, 2011.

                                                     TERRENCE W. BOYLE
                                                     UNITED STATES DISTRICT JUDGE